IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY CIOE, individually and on behalf of all others similarly situated | |
| Plaintiff, | |
| v. | No. |
| PALM INC. | |
| Defendants. | |

**DEFENDANT PALM INC.'S NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441(b) & 1446 (DIVERSITY)**

**TO THE CLERK OF THE COURT:**

Defendant Palm Inc. ("Palm"), by its undersigned attorneys, pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, hereby removes the above-captioned action from the Circuit Court of

Cook County, Illinois County Department, Chancery Division, Case No. 10-CH-29545, (the

"State Court Action"), to the United States District Court for the Northern District of Illinois.[1]  In

support thereof, Palm states as follows:

**I. REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

1.      An action may be removed to federal court if it might have been brought

there originally.  *See* 28 U.S.C. § 1441(a).  This Court's removal jurisdiction is invoked pursuant

to 28 U.S.C. § 1441(a) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d),

1453(b).

2.      Enacted to expand federal jurisdiction over purported class actions, CAFA

provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if:

---

[1] Filed and attached as Exhibit A to this Notice of Removal are copies of all of the pleadings, process and orders that have been served upon Palm to date, and that have been filed in the State Court Action.

(1) membership in the putative class is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d), 1453(b).

3.      Under CAFA, the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction, in this case Palm.  *See Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006).  Once Palm has satisfied this burden, plaintiff may defeat federal jurisdiction "'only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Id.* at 541 (citation omitted); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

**A.      First Requirement:  Class Size**

4.      CAFA's first requirement – that putative class membership must be no less than 100 – is clearly satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff Jeremy Cioe seeks to represent a putative class consisting of "all persons and entities who, except in the State of California, purchased, or received per a warranty or replacement plan, a Treo Phone (i.e., a Palm Treo 700 series or Palm Treo 755p model phone)."  Compl. ¶ 31 (included as part of Exhibit A hereto).  Palm has sold millions of Palm Treo 700 series and Palm Treo 755p devices in the United States.  *See* Declaration of Rodney Toy ("Toy Decl.") ¶ 4 (attached hereto and filed as Exhibit B).  Moreover, plaintiff alleges that "[t]he Class is so numerous that joinder of all members is impracticable."  Compl. ¶ 32.  Plaintiff further alleges that he and the other putative class members "bought thousands of Treo Phones."  *Id.* ¶ 19.  Plainly, the putative class is well above the 100 required under CAFA.

**B.      Second Requirement:  Diversity of Citizenship**

5.      CAFA's second requirement – that at least one member of the purported class must be a citizen of a state different from that of any defendant – is also satisfied.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff alleges that he is a resident of Illinois.  Compl. ¶ 6.  Residence

is *prima facie* evidence of domicile, which in turn determines the citizenship of a natural person for purposes of diversity. *See Century Commodity Corp. v. Data-Trend Commodities, Inc.*, 1986 WL 9557, *5 (N.D. Ill.) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Accordingly, plaintiff is a citizen of Illinois for purposes of diversity jurisdiction under CAFA.

6.      Defendant Palm is a Delaware corporation with its principal place of business in California. *See* Toy Decl. ¶ 2. Thus, Palm is a citizen of Delaware and California for purposes of diversity jurisdiction; it is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

7.      Further, plaintiff has expressly excluded from the putative class and subclass "any persons and entities residing in the State of California." Compl. ¶ 31. Since plaintiff is a citizen of neither Delaware nor California, diversity of citizenship exists between plaintiff and Palm.

8.      Diversity of citizenship also exists between Palm and most of the putative class members plaintiff purports to represent. This satisfies the minimal diversity-of-citizenship requirement under CAFA. Nor do the "home state" or "local controversy" exceptions apply, because only a small fraction of the putative class will be Illinois residents, given that the class consists of Treo purchasers in 49 states. 28 U.S.C. § 1332(d)(3) & (d)(4) (describing exceptions where two-thirds or more of the putative class members reside in forum state).

**C.      Third Requirement:  Amount in Controversy**

9.      This action also meets CAFA's third requirement – that the aggregate amount in controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). When the complaint is not clear as to the amount, the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Meridian*, 441 F.3d at 543. "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511. The removing defendant may establish the amount in controversy "by

introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian,* 441 F.3d at 541-42.

10.     Plaintiff requests numerous forms of relief, including restitution, "damages and penalties as to all Counts where such relief is permitted," an injunction, pre-judgment interest and attorneys' fees and costs. Compl., Prayer for Relief. Plaintiff does not specify the aggregate amount of monetary relief sought by the putative class. *Id.* ¶ (f). Although Palm denies that plaintiffs are entitled to any monetary or other relief, including attorneys' fees, it is evident that plaintiff seeks relief worth far in excess of $5,000,000 – because as explained below, the value of the claimed restitution, damages, penalties, attorneys' fees and non-monetary remedies requested would exceed $5,000,000.

## 1.     Amount in Controversy:  Value of Restitution

11.     Plaintiff asserts that the putative class members he seeks to represent are seeking "[a]n award of equitable monetary relief, including restitution." *Id.* ¶ (g). Plaintiff further asserts that "[h]ad Plaintiff and other Class members known . . . they would have acted differently, e.g., they would not have purchased the Treo Phones. [¶] As a result, plaintiff and other Class members were injured in fact, have lost money or property, and are entitled to restitution." Compl. ¶¶ 74-75.

12.     Palm has sold or provided to retailers millions of units of the Treo models identified in the Complaint, and it is more likely than not that well over one million units were sold outside the state of California. *See Meridian,* 441 F.3d at 542. The retail price of the Treo models about which plaintiff complains ranges from $99-$499 per device, depending on associated commitments, such as service contract length and how long after introduction the actual purchase occurred. *See* Toy Decl. ¶¶ 3-5. Accordingly, to the extent plaintiff seeks to recover the price that he and other putative class members paid for the Treo models at issue in this action, the total amount at stake for those units far exceeds $5,000,000, not including any interest plaintiff might claim.

13.     Accordingly, the value of the restitution requested by plaintiff exceeds the jurisdictional minimum, without respect to the other relief sought.

### 2.     Amount in Controversy:  Value of Damages and Penalties

14.     Plaintiff also seeks "damages and penalties as to all Counts where such relief is permitted."  Compl., Prayer for Relief ¶ (f).  Plaintiff does not specify the amount of damages and penalties he seeks, but presumably he intends the alleged damages to be based on the same "but for" argument he alleges in support of his claim for restitution.  Compl. ¶¶ 74-75. By seeking "damages and penalties as to all Counts where such relief is permitted," particularly when combined with the restitution sought, plaintiff has placed in controversy well over $5,000,000.

### 3.     Amount in Controversy:  Value of Injunctive Relief

15.     Plaintiff seeks equitable relief by asking the Court for "[a]n order enjoining Palm's conduct, and requiring Palm to engage in a corrective advertising campaign, as the Court deems appropriate."  Compl., Prayer for Relief ¶ (g).  The amount in controversy includes monetary damages, attorneys' fees and "the cost a defendant incurs in complying with injunctive relief."  *See The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004)).

16.     In "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 423 U.S. 333, 347 (1977).  In the Seventh Circuit, the "value of the object of the litigation" is determined by applying the "either viewpoint rule." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.,* 309 F.3d 978, 983 (7th Cir. 2002).  The "either viewpoint" rule assesses the jurisdictional amount attributable to injunctive relief by looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief.  In class actions, the Seventh Circuit has determined such amounts "by looking separately at each named

plaintiff's claim and the cost to the defendant of complying with an injunction directed to that plaintiff." *Id.*

17.     In this case, the cost of compliance would include the not insignificant cost of a 49-state advertising campaign, thus adding to the evidence that the amount in controversy exceeds $5,000,000.

**4.     Amount in Controversy:  Attorneys' Fees and Costs**

18.     Attorneys' fees are also properly included in determining CAFA's amount in controversy when authorized by statute or contract.[2] *See Lowdermilk v. U.S. Bank Nat'l Assoc.,* 479 F.3d 994, 1000 (9th Cir. 2007); *Cram v. Electronic Data Sys. Corp.,* No. 07CV 1842-LAB(NLS), 2007 U.S. Dist. LEXIS 74039, at *7 (Oct. 3, 2007) ("The calculation of the amount in controversy takes into account . . . attorneys' fees recoverable by statute or contract"); *Ortiz v. Menu Foods, Inc.,* 525 F. Supp. 2d 1220, 1236 (D. Haw. 2007) ("Where a statutory authority provides for attorneys' fees, the fees are included in the amount in controversy to reach CAFA's $5 million minimum").

19.     Plaintiff specifically requests attorneys' fees for violations of the Magnuson Moss Warranty Act.  Compl. ¶ 52 (citing 15 U.S.C. § 2310(d)).  As plaintiff requests attorneys' fees purportedly authorized by statute, such fees are properly included under CAFA in calculating of the amount in controversy.

20.     When calculating the amount of attorneys' fees for purposes of determining the amount in controversy under CAFA, either the "percentage of recovery" or "lodestar" methods can be used. *Fleury v. Richemont N. Am. Inc.,* No. C-05-4525 EMC, 2008

---

[2] As a general matter, attorneys' fees incurred up to the point of removal can be considered in determining the jurisdictional amount in controversy upon removal. *See Oshana,* 472 F.3d at 512.  However, no reported Seventh Circuit case has directly addressed or provided guidance with respect to the inclusion of attorneys' fees in the $5 million jurisdictional amount required in removals made pursuant to CAFA.  While not necessary to establish that plaintiff seeks relief far in excess of $5,000,000, Palm provides guiding support herein from other jurisdictions which have directly analyzed the inclusion of attorneys' fees in reaching the requisite jurisdictional amount under CAFA.

U.S. Dist. LEXIS 88166, at *16 (N.D. Cal. Oct. 21, 2008) (CAFA allows for "an award of fees based on the lodestar method" or the percentage of recovery method); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 814 (E.D. Wis. Dec. 31, 2009) (CAFA allows a district court "considerable discretion" in determining whether to utilize the percentage-of-the-fee method or lodestar method when awarding attorneys' fees). Under the lodestar method based on the time reasonably expended by counsel, the court multiplies the number of hours that class counsel reasonably worked by a reasonable hourly rate, and can also use a multiplier to increase the award. *See Strama v. Peterson*, 689 F.2d 661, 665, (7th Cir, 1982); *Oritz*, 525 F. Supp. 2d at 1236; *Browning v. Yahoo! Inc.*, No. C04-01463-HRL, 2007 U.S. Dist. LEXIS 86266, at *40 (N.D. Cal. Nov. 16, 2007).

21.    Under the percentage of recovery approach for calculating attorneys' fees, plaintiff's counsel would likely seek 20%-30% of the common fund if the putative class were to prevail at trial,[3] which would be substantial, based on the millions of units sold of Treo models identified in the Complaint, and a retail price ranging from $99 to $499. *See* Toy Decl. ¶¶ 4-5. Under the lodestar method, plaintiff's counsel would likely seek a multiplier. Therefore, under either method, it is likely that plaintiff's counsel would seek a fee award that, when combined with the restitution, damages, penalties, and costs associated with the injunctive relief sought, brings the total amount in controversy to well over $5,000,000.

22.    Thus, the evidence establishes that the amount in controversy is well in excess of the required $5,000,000. Accordingly, all requirements for removal under 28 U.S.C. § 1332(d) are met.

---

*See Browning*, 2007 U.S. Dist. LEXIS 86266, at *41 (referencing the "25% benchmark [of the common fund] applied in the Ninth Circuit" for determining attorneys' fees under the percentage of recovery method); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1046, 1047 (9th Cir. 2002) (Ninth Circuit allows up to 20-30% as usual range with 25% of value of common fund as benchmark fee in common fund cases, and upholding 28% fee award), *cert. denied, Vizcaino v. Waite*, 537 U.S. 1018 (2002).

## II. PROCEDURAL REQUIREMENTS UNDER REMOVAL STATUTE

23.     Palm also has satisfied the procedural requirements set forth in 28 U.S.C. § 1446. Section (a) of that statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." *See also* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending"). Palm has complied with this requirement through this filing. Section 1441(a) also requires that a removing party provide a copy to the district court of all process, pleadings, and orders served on defendants in the state action. Palm has also complied with this requirement. *See* Exhibit A.

24.     Palm is filing this notice of removal within 30 days of service of the complaint, as required by 28 U.S.C. § 1446(b). The complaint was served on Palm on July 11, 2010. *See* Exhibit A (Service of Process Transmittal). This notice of removal is being filed on or before August 11, 2010, which is within 30 days of service.

25.     Finally, Palm will file the appropriate notice with the Clerk of the Circuit Court of Cook County, Illinois County Department, Chancery Division and will serve on plaintiff's counsel a true and correct copy of this notice of removal, thus satisfying the remaining requirements set forth in 28 U.S.C. § 1446(d).

### III. CONCLUSION

26.     Palm respectfully submits: (1) this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446; and (2) the procedural requirements for removal under 28 U.S.C. § 1446 are met. As such, this action is properly removable to this Court.

Respectfully submitted,

Dated: August 9, 2010

/s/ David B. Sudzus
David B. Sudzus - ARDC No. 6204604
B. Todd Vinson – ARDC No. 6276105
Drinker Biddle & Reath, LLP
191 N. Wacker Drive
Suite 3700
Chicago, Illinois  60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: david.sudzus@dbr.com

*Attorneys for Defendant Palm Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I mailed by United States Postal Service the document to the following non CM/ECF participants:

> Ilan Chorowsky
> David Gorodess
> Anita Dellaria
> Progressive Law Group LLC
> 505 N. LaSalle, Suite 350
> Chicago, IL 60654
> Telephone: (312) 787-2717
> Attorneys for Plaintiff

> s/David B. Sudzus
> David B. Sudzus - ARDC No. 6204604
> Drinker Biddle & Reath, LLP
> 191 N. Wacker Drive
> Suite 3700
> Chicago, Illinois 60606
> Telephone: (312) 569-1000
> Facsimile: (312) 569-3000
> Email: david.sudzus@dbr.com
>
> *Attorneys for Defendants*
> *Palm Inc.*

CH01/ 25581504.1

-1-